UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY D. CHAMP** | : | **DOCKET NO. 16-cv-1702** |
| **D.O.C. # 201583** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **RAY CHARLES GREEN** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Larry D. Champ ("Champ"). Doc. 5. Champ is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Calcasieu Correctional Center in Lake Charles, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Champ states that, while incarcerated, he received an eviction notice on August 2, 2016, pertaining to his Lake Charles residence. Doc. 5, p. 4. He claims that he contacted family members to retrieve his belongings from the property but that family friend Ray Charles Green ("Green") went to the apartment first and removed all of Champ's valuables, including his two cars. *Id.* Champ states that Green sold some of the property but refuses to relinquish the money made from the sales. *Id.* at 4–5.

Champ asks the court to order Green to reimburse him for all of the items that were taken from his apartment. He also seeks an unspecified amount of monetary damages. *Id.* at 6.

## II.
### LAW AND ANALYSIS

### A.   Frivolity Review

Champ has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines, in relevant part, that the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B.   Application

Champ is proceeding under 42 U.S.C. § 1983, which requires that he (1) allege a violation of a right secured by the Constitution and laws of the United States **and** (2) show that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988). As sole defendant, Champ names Green.[1] The complaint is devoid of any allegation indicating that Green

---

[1] Under "Additional defendants" on the prisoner civil rights complaint form completed by Champ, Champ provided the following information:
> Mrs. Alma Faye Green, who resides at 1658 Ira Breaux Rd. also is the wife (not a defendant)[.] She works at the Comfort Suites Hotel on Hwy. 14 behind Chuck E. Cheese[.] *Christina Bean (daughter) lives at [address redacted] [and] can also be served for Mr. Green.

Doc. 5, p. 4. Champ raises no allegations against Alma Green or Christina Bean in either the complaint presently under review or the previously submitted deficient complaint. *See* docs. 5, 1. Thus it is clear that these individuals are only offered as means

was acting under color of state law. Doc. 5, p. 4. While a *pro se* litigant should ordinarily be given an opportunity to amend his complaint before it is dismissed, leave to amend is not required if the petitioner has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). In this matter, it is plain that Champ cannot state a claim under § 1983 based on the theft described in his complaint. Accordingly, the matter should be dismissed as legally frivolous and for failing to state a claim on which relief may be granted.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Champ's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

---

of locating Green. However, even if Champ intended to raise allegations against them, the result of this report and recommendation would be the same, as they are not alleged to be state actors or acting under color of state law.

THUS DONE AND SIGNED in Chambers this 25th day of July, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE